█ LINDEN AND DEUTSCH, Appellant, v MARY L. WORMLEY et al., Defendants, and ROBERT F. ROSBORNE, as Trustee of the Lottie Joplin Thomas Trust, Respondent.—Order, Supreme Court, New York County, entered March 24, 1980, which, *inter alia,* denied plaintiff's motion to vacate Items Nos. 1, 2, 4 and 7 of the demand for a bill of particulars, affirmed, with costs and disbursements. The information sought by the challenged items in this interpleader action is relevant to plaintiff's allegation in the complaint that it unilaterally charged the fund with its legal fees and disbursements in the sum of $50,671.10. In competing for a portion of the amount being held, plaintiff is itself a claimant to the stake. Thus, the items seeking particulars regarding plaintiff's representation of defendants in prior actions is relevant, as is the information sought as to where and in whose name the fund was deposited, and whether it was held in an interest bearing account. Our dissenting brother would deny defendant Rosborne these particulars because he has not shown that he has an interest in the fund. Yet, plaintiff saw fit to join him as a party defendant and alleges in its complaint that he is a claimant with respect to the fund. Moreover, Rosborne, as trustee under a trust instrument, alleges that prior to an assignment to the trust beneficiary of his rights to the fund as trustee, he had a substantial interest in the recovery, as well as a private agreement with the beneficiary. Rosborne alleges that this assignment was secured with knowledge of his interest by one of plaintiff's senior partners. In our view, a sufficient showing of interest exists and we find that Special Term properly exercised its discretion. Concur—Murphy, P. J., Birns, Sandler and Sullivan, JJ.

Kupferman, J., dissents in a memorandum as follows: I dissent and would reverse and grant the motion to vacate the items in the demand for a bill of particulars served by the defendant Robert F. Rosborne. The plaintiff, a law firm, represented the defendants or some of them in a copyright infringement action in the United States District Court for the Southern District of New York involving the Scott Joplin music, and received a sum of over $200,000 in satisfaction of the judgment recovered. After deducting its legal fees and disbursements, it was holding a sum of over $150,000 for distribution to the clients. Because of some dispute as to who was entitled to the recovery, the plaintiff filed an interpleader complaint in the State court. In that action the defendant-respondent demanded information by means of a demand for a bill of particulars as to how the fund was recovered and with respect to the legal fees deducted, as well as whether interest had been earned on the money involved. However, there is no showing that the said defendant-respondent, either individually or as a trustee, has any interest in the fund itself. Until such time as he should establish a basis for his interest, he most certainly has no right to further information with respect to items of deduction. That the plaintiff in interpleader, out of excessive caution, named the defendant-respondent, does not thereby give him *carte blanche* to investigate the matter, unless he first shows a basis for his claim. (Cf. *Goldman v Salzberg,* 45 AD2d 680.)